124 N.J. Super. 119 (1973)
304 A.2d 784
PATROLMEN'S BENEVOLENT ASSOCIATION, LOCAL #208, PLAINTIFF,
v.
CAMDEN COUNTY BOARD OF CHOSEN FREEHOLDERS AND ARNOLD CREAM, SHERIFF OF CAMDEN COUNTY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided April 11, 1973.
*121 Mr. Robert F. O'Brien for plaintiff (Messrs. Tomar, Parks, Seliger, Simonoff & Adourian, attorneys).
Mr. Joseph I. McCullough, Jr. for defendants (Louis C. Portella, attorney).
RIZZI, A.J.S.C.
The issue in this in lieu proceeding involves the validity of a resolution adopted by the Camden County Board of Freeholders changing the titles of court attendants, ID officers and process officers, all employees of the county sheriff, to a single title of sheriff's officer.
Plaintiff Patrolmen's Benevolent Association, Local #208, is a union which was in 1972 the exclusive bargaining representative of the court attendants and process officers in the employ of the Sheriff of Camden County.
On September 7, 1972 the board of freeholders adopted the resolution in question which, insofar as pertinent, reads:
Be it * * * resolved that the titles of Court Attendant, I.D. Officer, and Process Officer, be and [they] are hereby changed to Sheriff's Officer.
Plaintiff asserts that this change in classification is violative of N.J.S.A. 34:13A-1 et seq. in that the employer, Camden County Board of Freeholders, did not negotiate in good faith with the employees, court attendants and process officers before changing their job titles, as required by N.J. *122 S.A. 34:13A-5.3. Plaintiff seeks an injunction restraining defendants from carrying the resolution into effect. Defendants contend that no injunction should be granted but that plaintiff is barred from relief in the courts because it should have filed a petition with the Public Employment Relations Commission (PERC).
N.J.S.A. 34:13A-1 is entitled the "New Jersey Employer-Employee Relations Act." Section 5.2 of the act establishes a Public Employment Relations Commission (PERC). N.J.S.A. 34:13A-5.2(a). N.J.S.A. 34:13A-5.2(b) provides that
This commission shall make policy and establish rules and regulations concerning employer-employee relations in public employment relating to dispute settlement, grievance procedures and administration including enforcement of statutory provisions concerning representative elections and related matters.
N.J.S.A. 34:13A-5.3 recognizes the right of employees to form and join any employee organization, and the right of members of these employee organizations to elect, by a majority vote, exclusive representatives for collective negotiation concerning the terms and conditions of employment. A pertinent part of section 5.3 provides that
Proposed new rules or modifications of existing rules governing working conditions shall, be negotiated with the majority representative before they are established. In addition, the majority representative and designated representatives of the public employer shall meet at reasonable times and negotiate in good faith with respect to grievances and terms and conditions of employment.
Finally, N.J.S.A. 34:13A-6(b) provides that
Whenever negotiations between a public employer and an exclusive representative concerning the terms and conditions of employment shall reach an impasse, the commission, through the Division of Public Employment Relations shall, upon the request of either party, take such steps as it may deem expedient to effect a voluntary resolution of the impasse. In the event of a failure to resolve the impasse by mediation the Division of Public Employment *123 Relations is empowered to recommend or invoke fact-finding with recommendation for settlement, the cost of which shall be borne by the parties equally.
Turning, now, to defendants' contention that plaintiff's exclusive remedy is by filing a petition with PERC, it would seem that the provisions of N.J.S.A. 34:13A-6(b) are clear. There must be an impasse in the negotiations and a request from either party before PERC will intervene in the dispute. Additionally, it was held in Burlington County Evergreen Park Mental Hospital v. Cooper, 56 N.J. 579 (1970), that PERC does not have the authority to hear and decide unfair labor practice charges, or to issue any type of affirmative remedial orders with respect to such charges. The Supreme Court noted that the provisions of N.J.S.A. 34:13A-5.2(b) and 34:13A-6(b) were intended only to bring about a voluntary settlement of labor disputes, and that if violations of statutory rights are involved and affirmative remedies sought, the employee may seek a remedy in the courts. Id., at 594.
Thus, it would appear that this matter is properly before the court and defendants' contention that PERC has exclusive jurisdiction is without merit.
With the jurisdictional issue resolved, the court turns to the central issue: Have defendants, by changing the job titles of court attendants and process officers, without prior good faith negotiations, violated the provisions of N.J.S.A. 34:13A-5.3?
As discussed earlier, N.J.S.A. 34:13A-5.3 requires employers to negotiate in good faith with their employees any new rules or modifications governing existing working conditions. It is the defendants' contention that although there were no formal negotiations concerning these changes, they did talk informally with PBA officials and this should be sufficient to satisfy the statute.
While there is no New Jersey case law on this point, our Supreme Court has recognized that the National Labor Relations *124 Act, 29 U.S.C.A. § 157, was probably accepted as a guide for the administration of the New Jersey Employer-Employee Relations Act. Lullo v. International Ass'n. of Fire Fighters Local 1066, 55 N.J. 409, 424 (1970). Thus, it seems entirely reasonable to turn to decisions of the NLRB for guidance and direction.
It has been held that the crucial question of whether a party has met his statutory duty to bargain in good faith typically turns on the facts of the individual case. United Steelworkers of America v. N.L.R.B., 129 U.S. App. D.C. 80, 390 F.2d 846 (D.C. Cir.1967). It has further been held that the employer's announcement made in the presence of union representatives that the employer intended to grant wage increases did not constitute notification for the purpose of consultation and bargaining. McLane Co., Inc. 166 NLRB 1036 (1967).
In the present case there was no formal notice to plaintiff of the proposed change and no evidence that any formal talks took place between the employer and the union. Deputy Sheriff Coyle did testify that on several occasions during 1972 he had chance meetings with individual officers of the union at various places in the courthouse and discussed the change. He had no record of any places or dates. At best, if defendants' contention is to be accepted as true, these were merely casual discussions concerning the change.
It is apparent that this is not the type of good faith negotiations required by N.J.S.A. 34:13A-5.3. It is therefore held that the change of job titles was in violation of the statute, and the resolution of the board of freeholders was ineffective.
Defendants' contention that these changes will benefit the employees and for that reason need not be negotiated is also without merit. First, it is doubtful that these changes will only benefit the employees. According to the testimony of a Civil Service official, those employees who decide to remain court attendants and process officers will not be permitted to take promotional examinations and, therefore, *125 will have no opportunity of advancement. The evidence also establishes that the position of sheriff's officer will require additional duties not now required of court attendants and process officers. Further, even if defendants' contention is true, any miniscule change in working conditions requires consultation and negotiation before such change can be effected. Chatham Mfg. Co., 172 NLRB 219 (1968).
An injunction will be granted against defendants, restraining their carrying into effect the resolution of September 7, 1972 until there have been formal negotiations between the parties, with the full right in either side, in the event of an impasse, to file a petition with PERC.